## SAMUEL HALL *v.* RUSSELL HAMILTON.

**Perjury—Grand Jurors Competent Witnesses.**

> Where in a civil suit one is charged with perjury in making a statement under oath before the grand jury, a member of the grand jury is competent to prove what the statement was.

### APPEAL FROM FLOYD CIRCUIT COURT.

November 7, 1874.

OPINION BY JUDGE PRYOR:

Although the allegations of the petition fail to present a cause of action, the defect has been cured by the answer, in which it is admitted that the defendant charged the plaintiff with the crime of perjury, in making a statement under oath before the grand jury, that he, the defendant, had stolen plaintiff's pocketbook and money, when he, the plaintiff, knew that the statement made was false. Upon this issue the case went to the jury, and the only question necessary to be considered is "was a member of the grand jury, before whom the statement was made, competent to prove what that statement was

Sec. 109, of the Criminal Code, was enacted for the protection of the grand jurors in their deliberations upon matters, on the discharge of their duty as such, but even a grand juror who has testified falsely in giving testimony before his fellow jurors, may be indicted for perjury, and his statement made, proven by members of the same body. Sec. 111, Criminal Code. By Sec. 110 of the same act, a member of the grand jury is competent to show that the witness examined upon the final trial of the case, for which the indictment was found, had made statements to the grand jury, which were different from those made by the witness on the final hearing. In this case the complaint is that the appellee charged appellant with swearing to a lie before the grand jury, and there is no reason why, when the plaintiff is asking an investigation himself as to the truth or falsity of the charge, that those who heard his statements should

have their mouths sealed as to what transpired with reference to the charges made. There is no question of public policy involved, nor any rule of law, that we are aware of, that makes a grand jury incompetent in such a case. The law requires secrecy in certain cases upon grand juries, by the express provisions of the code, but in all others the grand juror has the right to speak, and is no more protected than any other witnesses would be. The issue as to whether the plaintiff swore falsely was fairly presented to the jury by the witnesses, and the judgment must be affirmed.

*J. R. Bates, for appellant.*
*Apperson & Reid, for appellee.*